IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:23CR132-1 |
| v. | : | |
| CANDACE AGATHA BRUNSON-POOLE | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, and the defendant, CANDACE AGATHA BRUNSON-POOLE, in her own person and through her attorney, Jamie L. Vavonese, and state as follows:

1. The defendant, CANDACE AGATHA BRUNSON-POOLE, is presently under Indictment in case number 1:23CR57-5, which in Count One charges her with a violation of Title 18, United States Code, Section 1349, conspiracy to commit wire fraud; and which in Counts Fourteen and Fifteen charges her with a violation of Title 18, United States Code, Section 1028A(a)(1), aggravated identity theft.

2. The defendant, CANDACE AGATHA BRUNSON-POOLE, is also presently charged by Bill of Information in case number 1:23CR 132-1, which charges her with a violation of Title 18, United States Code, Section 641, theft of government funds totaling less than $1,000.

3. The defendant, CANDACE AGATHA BRUNSON-POOLE, will enter a voluntary plea of guilty to the Information herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to her by her attorney.

    a. The defendant, CANDACE AGATHA BRUNSON-POOLE, understands that the maximum term of imprisonment provided by law for the Information herein is not more than one year, and the maximum fine for the Information herein is $100,000. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, CANDACE AGATHA BRUNSON-POOLE, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

    b. The defendant, CANDACE AGATHA BRUNSON-POOLE, also understands that, as to the Information herein, the Court may include as a part of the sentence a requirement that the defendant be placed on a term of

2

supervised release of not more than one year after imprisonment, pursuant to Title 18, United States Code, Section 3583.

  c. The defendant, CANDACE AGATHA BRUNSON-POOLE, understands that the Court shall order, in addition to any other penalty authorized by law, that the defendant make restitution to any victims of the offense, pursuant to Title 18, United States Code, Section 3663A.

  d. The defendant, CANDACE AGATHA BRUNSON-POOLE, further understands that the sentence to be imposed upon her is within the discretion of the sentencing Court subject to the statutory maximum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

  e. The defendant, CANDACE AGATHA BRUNSON-POOLE, understands that if she is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to her immigration

status. The defendant, CANDACE AGATHA BRUNSON-POOLE, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences her guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States. The defendant, CANDACE AGATHA BRUNSON-POOLE, further understands that in the event she is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against her leading to her removal and possible permanent exclusion from the United States.

4. By voluntarily pleading guilty to the Information herein, the defendant, CANDACE AGATHA BRUNSON-POOLE, knowingly waives and gives up her constitutional rights to plead not guilty, to compel the United States to prove her guilt beyond a reasonable doubt, not to be compelled to incriminate herself, to confront and cross-examine the witnesses against her, to have a jury or judge determine her guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

5. The defendant, CANDACE AGATHA BRUNSON-POOLE is going to plead guilty to the Information herein because she is, in fact, guilty and not because of any threats or promises.

6. The extent of the plea bargaining in this case is as follows:

   a. Upon the acceptance by the Court of a guilty plea by the defendant, CANDACE AGATHA BRUNSON-POOLE, to the Information herein, and at the conclusion of the sentencing hearing thereon, the United States will not oppose a motion to dismiss the Indictment as to the defendant, CANDACE AGATHA BRUNSON-POOLE, charged under case number 1:23CR57-5. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

   b. It is understood that if the Court determines at the time of sentencing that the defendant, CANDACE AGATHA BRUNSON-POOLE, qualifies for a 2-level decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

   c. The defendant, CANDACE AGATHA BRUNSON-POOLE, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is

specifically provided for in another section of this plea agreement. The defendant, CANDACE AGATHA BRUNSON-POOLE, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

    d. The defendant, CANDACE AGATHA BRUNSON-POOLE, waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

    e. Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea proceedings. The defendant, CANDACE AGATHA BRUNSON-POOLE, knowingly and voluntarily waives the protections of these rules as it relates to plea proceedings. If the defendant, CANDACE AGATHA BRUNSON-POOLE, pleads guilty and later seeks to withdraw her guilty plea (or seeks to directly appeal or collaterally attack her conviction), any statement made at the plea proceedings in connection with such plea, and any leads derived therefrom, shall be admissible for any and all purposes.

f. The defendant, CANDACE AGATHA BRUNSON-POOLE, further agrees to pay restitution, as determined by the Court, to any victims harmed by the defendant=s relevant conduct, as defined by U.S.S.G. ' 1B1.3, pursuant to Title 18, United States Code, Section 3663A(a)(3).

g. In exchange for the government's agreement to dismiss the Indictment in case number 1:23CR57-5, the defendant, CANDACE AGATHA BRUNSON-POOLE, entirely waives her right to collaterally attack her conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exceptions are that the defendant, CANDACE AGATHA BRUNSON-POOLE, may collaterally attack her conviction and sentence if: (1) the court enters a sentence above the statutory maximum; (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; (3) the claim is based on ineffective assistance of counsel; or (4) the claim is based on prosecutorial misconduct not known to the defendant at the time of her guilty plea.

h. In exchange for the government's agreement to dismiss the Indictment in case number 1:23CR57-5, the defendant, CANDACE AGATHA BRUNSON-POOLE, entirely waives her right to a direct appeal of her conviction and sentence on any ground (including any argument that the

statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the defendant, CANDACE AGATHA BRUNSON-POOLE, may file a direct appeal of her sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; or (3) the government appeals the sentence.



k. The defendant, CANDACE AGATHA BRUNSON-POOLE, agrees that she will not seek or obtain employment with the United States Department of Housing and Urban Development or any agency that receives funds from the Department of Housing and Urban Development. This obligation is a continuing one. It is agreed that should the Court find that CANDACE AGATHA BRUNSON-POOLE, the defendant, has violated this section of the Plea Agreement, she will waive her right under Title 18, United States Code, Section 3282, to have charges under Title 18 of the United States Code brought within five years of the date of the offenses charged in the indictment in case number 1:23CR57-5.

7. The defendant, CANDACE AGATHA BRUNSON-POOLE, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

8. The defendant, CANDACE AGATHA BRUNSON-POOLE, agrees that his/her debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he/she is current in his/her payments under any Court imposed payment schedule.

9. It is further understood that the United States and the defendant, CANDACE AGATHA BRUNSON-POOLE, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

10. The defendant, CANDACE AGATHA BRUNSON-POOLE, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $25 for each offense to which she is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

10

11. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 4 day of ~~March~~ April, 2023.

SANDRA J. HAIRSTON
United States Attorney

*(signature)*
_____
JOANNA G. MCFADDEN
NYSB #4500948
Assistant United States Attorney
101 S. Edgeworth St., 4th Floor
Greensboro, NC 27401
336/333-5351

*(signature)*
_____
JAMIE L. VAVONESE
Attorney for Defendant

*(signature)*
_____
CANDACE AGATHA BRUNSON - POOLE
Defendant

/S/ STI